UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER KELLER, | Case No. 3:22-cv-00481-ART-CLB |
| Petitioner, | ORDER |
| v. | |
| TIMOTHY GARRETT, | |
| Respondents. | |

*Pro se* Petitioner Christopher Keller has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-2 ("Petition").) This matter comes before the court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Keller's motion for appointment of counsel (ECF No. 1-3). For the reasons discussed below, the court directs service of the Petition and grants Keller's motion.

I.    **BACKGROUND**[1]

Keller challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Christopher Keller*, Case No. C-16-312717-1. On August 10, 2017, and December 12, 2017, the state court entered a judgment of conviction and amended judgment of conviction, respectively, pursuant to a jury trial, for two counts of trafficking in a controlled substance, one count of possession of a controlled substance, four counts of possession of a controlled substance with the intent to sell, and two counts of ownership or possession of a firearm by a prohibited person. Keller was sentenced to an aggregate term of twenty years to life in prison. Keller appealed, and the Nevada Supreme Court affirmed on October 15, 2018. *Christopher Robert*

---

[1] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

*Keller v. State of Nevada*, Case No. 73872. Remittitur issued on November 9, 2018.

On August 26, 2019, Keller filed a state petition for writ of habeas corpus. *Christopher Keller v. State of Nevada*, Case No. A-19-800950-W. The state court denied post-conviction relief on April 11, 2022. Keller filed a post-conviction appeal, and the Nevada Court of Appeals affirmed the denial on September 9, 2022. Remittitur issued on October 4, 2022.

On or about October 31, 2022, Keller initiated this federal habeas corpus proceeding. (ECF No. 1-1.) On November 7, 2022, the court instructed Keller to file his financial certificate and six-month account statement within 45 days to complete his *in forma pauperis* application. (ECF No. 3.) Keller timely complied. (ECF No. 4.) However, because Keller also paid the filing fee (ECF No. 5), his motion for leave to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

## II.    DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). A response is warranted in the instant case.

This court now turns to Keller's motion for the appointment of counsel. (ECF No. 1-3.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint

counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the Petition and the motion for appointment of counsel, the court will provisionally appoint the Federal Public Defender to represent Keller. The court finds that appointment of counsel is in the interests of justice given, among other things, Keller's lengthy sentence and complex claims.

### III.   CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that the clerk file the Petition (ECF No. 1-2) and the motion for appointment of counsel (ECF No. 1-3).

It is further ordered that the clerk add Aaron Ford, Attorney General of the State of Nevada, as counsel for respondents, electronically serve respondents' counsel a copy of the Petition and electronically provide respondents' counsel a copy of this order and copies of all other items previously filed in this case by regenerating the Notices of Electronic Filing. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order.

It is further ordered that the motion for appointment of counsel (ECF No. 1-3) is granted.

It is further ordered that the clerk shall electronically serve the Federal Public Defender a copy of this order and the Petition (ECF No. 1-2). The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Keller by filing a notice of appearance or (2)

indicate the office's inability to represent Keller in these proceedings. If the Federal Public Defender is unable to represent Keller, the court will appoint alternate counsel. Appointed counsel will represent Keller in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Keller remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the clerk is directed to send a copy of this order to Keller and the CJA Coordinator for this division.

DATED THIS 9th day of December 2022.

_____

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE